O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIA FUENTES, Petitioner, | ) | Case No.   CV 11-03277 DDP ✓ |
| | ) | [CR 09-00331 DDP] |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER DENYING MOTION TO REDUCE** |
| | ) | **SENTENCE** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent, | ) | |
| | ) | Dkt. No. 1 |
| Defendant. | ) | |
| _____ | ) | |

    Presently before the court is Petitioner Maria Fuentes' Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582 (c)(2). That statute provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) . . . ." 18 U.S.C. § 3582 (c)(2).

    On September 16, 2009, Petitioner was sentenced to a term of 51 months for Conspiracy to Possess with Intent to Distribute and to Distribute Heroin. (Def. Mot. at 1.) Petitioner does not seek

to introduce new evidence or relitigate the facts of the case, but rather seeks a reduction in her term of imprisonment "as a result of an intervening post-sentencing change in the United States Sentencing Guidelines." (Id. at 2.)

Petitioner does not identify any particular change to any specific United States Sentencing Commission Guideline.[1] Petitioner appears to refer to the Fair Sentencing Act of 2010 ("FSA"), Pub.L. 111-220. The FSA reduced statutory penalties for crack cocaine (or cocaine base) offenses by bringing them more in line with penalties for powder cocaine offenses. As authorized by the FSA, the United States Sentencing Commission made a downward revision to the crack penalties set out in Sentencing Guideline Section 2D1.1. These changes took permanent effect in April 2011.

Though this court has the discretion to reduce a sentence under 18 U.S.C. § 3582(c)(2), that provision is inapplicable here. United States v. Lightfoot, 626 F.3d 1092, 1095 (9th Cir. 2010). The lowered sentencing range to which Petitioner appears to refer applied only to crack cocaine offenses. Petitioner, however, was convicted of heroin-related offenses. Her sentence, therefore, was not based on any subsequently-lowered sentencing range related to crack cocaine. Accordingly, Petitioner's Motion to Reduce Sentence is DENIED.

IT IS SO ORDERED.

Dated: June 12, 2013

DEAN D. PREGERSON
United States District Judge

---

[1] Though the court granted Petitioner an extension of time in which to file a traverse or reply, she did not file a reply or otherwise clarify the basis of her motion.

2